# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| v. | : | Mag. No. 21-10118 (MAH) |
| ALDO MORALES-APANCO | : | **CRIMINAL COMPLAINT** |

I, David Chrzanowski, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement, and that this complaint is based on the following facts:

SEE ATTACHMENT B

*David Chrzanowski*
David M. Chrzanowski
Deportation Officer
Immigration and Customs Enforcement
U.S. Department of Homeland Security

Deportation Officer David Chrzanowski attested to this Affidavit by telephone pursuant to FRCP 4.1(b)(2)(A) on this 26th day of February 2021 in the District of New Jersey.

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

*Michael A. Hammer*
Signature of Judicial Officer

# ATTACHMENT A

On a date on or after February 16, 2012, and on or before May 30, 2019, in Union County, in the District of New Jersey, and elsewhere, the defendant,

ALDO MORALES-APANCO,

being an alien, and thereafter having been deported and removed and having departed from the United States on or about February 16, 2012 while an order of deportation was outstanding, did knowingly and voluntarily enter, attempt to enter, and was found in the United States on or about May 30, 2019 without the Attorney General or the Secretary of Homeland Security expressly consenting to the defendant's re-applying for admission to the United States prior to his re-embarkation at a place outside the United States.

In violation of Title 8, United States Code, Section 1326(a).

## **ATTACHMENT B**

I, David Chrzanowski, am a Deportation Officer with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and items of evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. The defendant, ALDO MORALES-APANCO, (the "Defendant"), is a citizen of Mexico, and he neither is a citizen nor a national of the United States.

2. On or about February 11, 2012, the Defendant was arrested by law enforcement officers in the District of New Mexico (Las Cruces), for entering the United States at a time and place other than as designated by Immigration Officers, in violation of Title 8, United States Code, Section 1325(a)(1). On or about the same day, the Defendant was ordered removed by the United States Border Patrol ("USBP").

3. On or about February 15, 2012, the Defendant pled guilty in the United States District Court for the District of New Mexico (Las Cruces), to Illegal Entry, in violation of Title 8, United States Code, Section 1325(a)(1) and was subsequently sentenced to a total term of five days, or time served, whichever is less.

4. On or about February 16, 2012, the Defendant was removed from the United States to Mexico. Shortly before his removal from the United States on or about February 16, 2012, the Defendant was given notice that he was prohibited from entering the United States for five years. Furthermore, the defendant was also warned that it is a crime for any alien who has been removed from the United States to enter, attempt to enter or be found in the United States without the Secretary of Homeland Security's express consent and that entering the United States without the Secretary's consent was a felony punishable by a period of imprisonment. This second prohibition has no term of expiration. An official from ICE took a fingerprint from the Defendant.

5. At some point after his February 16, 2012 removal, the Defendant re-entered the United States without permission from either the Attorney General or the Secretary of Homeland Security.

6. On or about May 30, 2019, the Defendant was arrested by the Union County Prosecutor's Office in New Jersey, for committing various sexual assault related offenses, including but not limited to, Endangering – Sexual

Conduct with Child by Non-Caretaker, in the Third Degree, in violation of Section 2C:24-4(a)(1) of the New Jersey Code of Criminal Justice ("NJCCJ"). On the same day, the Defendant was encountered by immigration officers and an immigration detainer was lodged against him.

7. On or about September 3, 2019, the Defendant pled guilty in the Superior Court of New Jersey, Union County, to Endangering – Sexual Conduct with Child by Non-Caretaker, in the Third Degree, in violation of Section 2C:24-4(a)(1) of the NJCCJ and subsequently sentenced to approximately five years' imprisonment.

8. A fingerprint taken from the Defendant from his deportation record for the February 16, 2012, were compared to the Defendant's fingerprint that was taken on or about May 30, 2019 after he entered law enforcement's custody. All the fingerprints were found to be identical. These fingerprints correspond with criminal records maintained by the FBI for Aldo Morales Apanco, under FBI # ending in ND7.

9. Prior to the Defendant's reentries into the United States, neither the Attorney General nor the Secretary of Homeland Security consented to the Defendant re-entering the United States. The Defendant also did not receive a waiver allowing him to re-enter the United States.